**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. _____

| | |
|---|---|
| TNG WORLDWIDE, INC., a Michigan corporation, <br><br> Plaintiff, <br><br> v. <br><br> LEVI TOUGER, MORDECHAI TOUGER, 390 AMZ LLC D.B.A. SMALL TOWN PREMIUM SUPPLEMENTS, ROYAL MUSIC LLC D.B.A. MIXED BAG MEDIA, COCONUT DEALS LLC D.B.A. COCONUT COVE, FLO DEALZ LLC D.B.A. FLOW DEALZ, AND BOCA DEALS LLC, INDIVIDUALLY OR AS CORPORATE/BUSINESS ENTITIES, <br><br> Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff TNG Worldwide, Inc. ("TNG" or "Plaintiff"), sues Defendants Levi Touger ("Levi"), Mordechai Touger ("Mordechai"), 390 AMZ LLC d.b.a. Small Town Premium Supplements ("390 AMZ"), Royal Music LLC d.b.a. Mixed Bag Media ("Royal Music"), Coconut Deals LLC d.b.a. Coconut Cove ("Coconut Deals"), Flo Dealz LLC d.b.a. Flow Dealz ("Flo Dealz"), and Boca Deals LLC ("Boca Deals") (collectively, "Defendants") for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

These claims arise out of Defendants' infringement of Plaintiff's intellectual property in connection with Defendants' unlawful and unauthorized advertisement and sale of products bearing the FORPRO PROFESSIONAL COLLECTION trademark coupled with the unauthorized use of Plaintiff's copyrighted images.

## PARTIES

1. Plaintiff TNG is a Michigan corporation that manufactures more than 1,000 products focused on health and beauty that make up its Signature Brands division. One of TNG's signature brands is the ForPro Professional Collection, which is an industry leader. The ForPro products at issue in this matter are sold and distributed to salons and spas nationwide. In addition, TNG sells ForPro Professional Collection products via its website at www.TNGworldwide.com, on www.amazon.com ("Amazon"), and other online marketplaces.

2. Upon information and belief, Defendant Levi is an individual who resides in Broward County, Florida and is also a manager-member of Defendant Boca Deals.

3. Upon information and belief, Defendant Mordechai is an individual who resides in Broward County, Florida and is also a manager-member of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals.

4. Upon information and belief, Defendant 390 AMZ is a Florida LLC that distributes beauty products, having an address and a principal place of business at 6601 Lyons Rd, Unit F390, Coconut Creek, Florida 33073, and does business throughout the United States, including Florida, as the "Small Town Premium Supplements" storefront on Amazon.

5. Upon information and belief, Defendant Royal Music is a Florida LLC that distributes beauty products, having an address and a principal place of business at 6601 Lyons Rd, Unit 36F, Coconut Creek, Florida 33073, and does business throughout the United States, including Florida, as the "Mixed Bag Media" storefront on Amazon.

6. Upon information and belief, Defendant Coconut Deals is a Florida LLC that distributes beauty products, having an address and a principal place of business at 6601 Lyons Rd, Unit F18, Coconut Creek, Florida 33073, and does business throughout the United States,

including Florida, as the "Coconut Cove" storefront on Amazon.

7. Upon information and belief, Defendant Flo Dealz is a Florida LLC that distributes beauty products, having an address and a principal place of business at 6601 Lyons Rd, Unit F21, Coconut Creek, Florida 33073, and does business throughout the United States, including Florida, as the "Flow Dealz" storefront on Amazon.

8. Upon information and belief, Defendant Boca Deals is a Florida LLC that distributes beauty products, having an address and a principal place of business at 5450 W Hillsboro Blvd, Suite 13, Coconut Creek, Florida 33073, and does business throughout the United States, including Florida, as the "Boca Deals" storefront on Amazon.

9. Upon information and belief, Defendants Levi and/or Mordechai direct, control, ratify, participate in, and are the moving force behind the unlawful activity alleged herein.

10. Defendants Levi and/or Mordechai are in control of, principals of, and are primarily responsible for the actions of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals.

11. Plaintiff asserts claims against Defendants Levi and/or Mordechai in their individual capacities and their capacities as officers of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals.

12. Until Plaintiff conducts discovery, it cannot determine whether Defendants Levi, Mordechai, 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals, or a combination of these Defendants operate or jointly operate the "Small Town Premium Supplements", "Mixed Bag Media", "Coconut Cove", "Flow Dealz", and "Boca Deals" storefronts on Amazon.

13. Alternatively, Defendants Levi and/or Mordechai direct, control, ratify, participate in, or are the moving force behind the infringing listings and sales of ForPro products by

Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals. Defendants Levi and/or Mordechai are responsible for and have knowledge of the infringing activities of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals. Accordingly, Defendants Levi and/or Mordechai are personally liable for the infringing activities of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals without regard to piercing the corporate veil.

14.     Alternatively, Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals follow so few corporate formalities and are so dominated by Defendants Levi and/or Mordechai that they are merely the alter egos of Defendants Levi and/or Mordechai.

15.     For all of these reasons, it is a legal fiction that Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals are separate personalities from one another and from Defendants Levi and/or Mordechai, and adhering to that fiction would promote injustice and result in fundamental unfairness. Accordingly, Plaintiff is entitled to pierce the corporate veil of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals and hold Defendants Levi and/or Mordechai personally liable for the infringing activities of Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals. Plaintiff is also entitled to hold Defendants 390 AMZ, Royal Music, Coconut Deals, Flo Dealz, and Boca Deals liable for the infringing activities of one another.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §1331 because this Action arises under the Constitution, laws or treaties of the United States, including violations of the Copyright Act.

17.     Defendants are subject to this Court's personal jurisdiction because Defendants

reside in this District, do substantial business in this District and, without TNG's authorization, advertise and offer to sell goods by using TNG's copyrighted images throughout this District. This Court's assertion of personal jurisdiction over Defendants is proper based upon their purposefully directing infringing conduct at Plaintiff and residents in the state of Florida, which is causing and will continue to cause Plaintiff irreparable harm and damages.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because Defendants reside in this judicial district, and/or a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## BACKGROUND

### TNG's High-Quality Products and Intellectual Property

19. TNG is a leading manufacturer and seller of health and beauty products, including nitrile gloves and microfiber massage sheets sold under the name and mark ForPro Professional Collection. TNG markets and sells the products that make up the ForPro Professional Collection line of products to the health and beauty trade and the general public via direct sales and through retailers and online marketplaces, including Amazon.com and Walmart.com.

20. For many years, TNG has been devoted to bringing high-quality beauty products to the consuming public. TNG has expended significant resources in the research and development for its products.

21. TNG is a Gallup-based organization focused on technology to drive customer success. In 2008, TNG made a significant investment in automation by implementing SAP, EDI and an automated pack and ship service. The system allows real-time access to product data, inventory levels, and shipping status and also ensures customers receive products they order as quickly and efficiently as possible, yielding a nearly flawless error-free shipment rate of 99.8%

and a 99.1% fill rate.

22. TNG designs ForPro Professional Collection products in-house, and takes production to one of 50 hand-selected factories throughout the world. In this way, TNG is able to ensure its ForPro Professional Collection products are consistently high quality.

23. TNG has made substantial monetary and other investments in its ForPro name and trademark through its marketing, promotional, and distribution efforts, which include TNG's website and direct sales and contacts, brochures, product specification sheets, catalogs, sample kits and materials and displays. As a result, the ForPro Professional Collection name and trademark are imbued with goodwill and are of inestimable value to TNG.

24. TNG has used the trademark "ForPro" ("ForPro Mark") in interstate commerce in the United States continuously and exclusively since at least as early as 2007. TNG uses the ForPro Mark in connection with the manufacture, distribution, sale, marketing, advertising, and promotion of health and beauty products including, but not limited to, the ForPro Disposable Nitrile Gloves ("ForPro Gloves") and the ForPro Premium Designer Microfiber 3-Piece Massage Sheet Set ("ForPro Massage Sheets"). Attached hereto as Exhibit 1 are copies of representative samples of ForPro Gloves and ForPro Massage Sheets showing TNG's use of the ForPro Mark in connection with the same.

25. As a result of TNG's widespread, continuous, and exclusive use of the ForPro Mark to identify the ForPro Gloves, the ForPro Massage Sheets, and the business associated therewith, TNG owns valid and subsisting common law rights in the ForPro Mark.

26. Furthermore, and in order to protect TNG's investment in the marketing and development of its products, TNG obtained U.S. Federal Trademark Registration Nos. 5,869,801 and 6,255,313 of the mark FORPRO PROFESSIONAL COLLECTION in standard characters and

the logo design shown below:



27. Copies of U.S. Federal Trademark Registration Nos. 5,869,801 and 6,255,313 are attached herein as collective Exhibit 2 and are hereinafter referred to as the "ForPro Registrations".

28. Under 15 U.S.C. § 1115, the ForPro Registrations are presumptively valid and are *prima facie* evidence of TNG's ownership of the ForPro Mark and TNG's exclusive right to use the ForPro Mark nationwide, in commerce on or in connection with the goods and services specified in the ForPro Registrations.

29. Under 15 U.S.C. § 1072, the ForPro Registrations provide constructive notice of TNG's claim of ownership in and use of the mark of the ForPro Registrations, throughout the United States from the date of the issuance of the registrations.

30. Under 15 U.S.C. § 1057, the filing of the applications for the ForPro Registrations constitutes constructive use of the ForPro Mark and confers a nationwide right of priority on or in connection with the goods or services specified in the ForPro Registrations against any other natural person or organization capable of being sued in a court of law.

31. TNG is the owner of all right, title and interest in and to the ForPro Mark and the ForPro Registrations.

32. The ForPro Mark is distinctive to both the consuming public and TNG's trade.

33. Because of TNG's extensive and exclusive use and promotion of its ForPro Mark, it has become distinctive of TNG, indicates a single source of origin of TNG's goods, and has

acquired secondary meaning.

34. TNG has used the ForPro Mark extensively since its first use thereof, in connection with its beauty products.

35. TNG's gloves and massage sheets bearing the ForPro Mark have been sold extensively.

36. TNG has earned valuable and residual goodwill and reputation in the minds of consumers in the United States for being the sole source of goods bearing the ForPro Mark.

37. TNG has advertised and otherwise promoted the ForPro Mark extensively since its first use thereof, through the internet and by other means.

38. To further protect its goodwill and product integrity, TNG is the owner of the federally registered copyrights for more than 150 ForPro product images. The federal copyright registrations include *ForPro Nitrile Gloves - 2022* (Registration Number VA0002354459), *For Pro Nitrile Gloves * 2022* (Registration Number VA0002364205), and *For Pro Professional 2022* (Registration Number VA0002364506) (sometimes collectively referred to as the "Images").

### Defendants' Wrongful Conduct

39. Since at least October 2023, Plaintiff has been aware, and has so notified Defendants, that Defendants were selling ForPro Gloves and ForPro Massage Sheets using Plaintiff's Images and the ForPro Mark without authorization and without Plaintiff's consent. Exhibit 3 attached hereto is a copy of the letter sent by TNG to several of the Defendants regarding their unauthorized sales of TNG's products and their infringing activities.

40. Without Plaintiff's authorization, Defendants have used the Images and the goodwill of the ForPro Mark to market and sell gloves and massage sheets on Amazon. Attached hereto as Exhibit 4 are screenshots from Amazon displaying several of the Images belonging to

TNG as images belonging to Defendants.

41. Defendants do not have a license to use the Images or the ForPro Mark for any purpose.

42. Defendants used the Images and the ForPro Mark to promote their business.

43. Consumers viewing the images such as those attached hereto as Exhibit 4 believe they are purchasing an authentic ForPro product when they are in fact purchasing a different and inferior product from Defendants.

44. Through their unlawful practices, Defendants have fraudulently secured the valuable "Buy Box" position on Amazon for many of the products at issue, when the products being sold by Defendants are not even of the same quality as ForPro products.

45. The "Buy Box" refers to the white box on the right side of the Amazon product detail page, where consumers can add items for purchase to their card. Increased seller metrics allow businesses to win a share of this valuable real estate. Amazon puts competitors against each other to determine how they hold up on each relevant variable for sale of the same product. The metrics are often skewed in situations where one seller is illegally using the intellectual property of another seller, as Defendants are doing here.

46. Upon information and belief, Defendants have a pattern and practice of engaging in the unauthorized selling of products and infringing upon the intellectual property of other business entities.

47. For example, in 2019, the Noco Company sued Defendant Boca Deals in the Northern District of Ohio for copyright infringement, federal trademark infringement, unfair competition, and other related claims for illicit activities including the unauthorized selling of products on Amazon using the storefront for Defendant Boca Deals. *See generally*, *The Noco*

*Company v. Boca Deals LLC*, N.D. Ohio, Case No. 1:19-cv-00195. Exhibit 5 is a copy of the court order granting the plaintiff's motion for default in that case.

## FIRST CLAIM FOR RELIEF

### (FEDERAL COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501(A))

48. TNG repleads and incorporates herein by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

49. TNG is the exclusive owner of the federally copyrighted Images.

50. Defendants had access to TNG's Images and a reasonable opportunity to observe the Images as they were widely disseminated.

51. Defendants had actual notice of TNG's exclusive rights in and to the Images.

52. Defendants did not have TNG's consent or authorization to use, reproduce, copy, display, distribute, sell, transfer, and/or market TNG's Images.

53. Without permission, Defendants knowingly copied, used, displayed, and distributed TNG's Images in an effort to deceive consumers into believing they were purchasing authentic ForPro products on Amazon when they were in fact purchasing a materially different and inferior products from Defendants.

54. Defendants' unlawful and willful actions, as alleged herein, constitute copyright infringement of TNG's Images, including TNG's exclusive rights to use, reproduce, copy, display, and distribute the Images, in violation of 17 U.S.C. § 501(a).

55. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiff's rights. Plaintiff is entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504, as well as attorneys' fees and costs pursuant to

17 U.S.C. § 505.

56. Defendants' conduct has caused, is causing, and will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money, unless Defendants are enjoined and restrained by this Court. Plaintiff has no adequate remedy at law.

57. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions prohibiting further infringements of its copyrights.

## PRAYER FOR RELIEF

WHEREFORE, TNG respectfully prays for judgment as follows:

1) A permanent injunction enjoining Defendants and their agents from: (a) expanding sales of products using TNG's copyrighted Images; (b) infringing the Images; and (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

2) That Plaintiff be awarded statutory damages against Defendants pursuant to 17 U.S.C. § 504(c)(1) in the amount of $30,000 per infringement for the infringements of the Images, unless the Court finds it proper to increase the amount of statutory damages up to a sum of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c)(2), in which case Plaintiff prays for the higher award;

3) For an order from the Court requiring Defendants to provide complete accountings for any and all monies, profits, gains, and advantages derived by Defendants from their importing, exporting, advertising, marketing, promoting, distributing displaying, offering for sale, sale, and/or otherwise dealing in their infringing conduct;

4) For an order from the Court that an asset freeze or constructive trust be imposed

        over any and all monies, profits, gains, and advantages in Defendants' possession that rightfully belong to TNG;

5)     For an award of punitive damages for Defendants' deliberate and willful misconduct;

6)     For an award of prejudgment and post judgment interest;

7)     For an award of Plaintiff's allowable costs and attorneys' fees; and

8)     Such other and/or further relief to Plaintiff as is just and equitable.

**JURY DEMAND**

Plaintiff demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

Dated: November 17, 2023

Respectfully submitted,

*/s/ Samuel O. Patmore*
Samuel O. Patmore
Florida Bar No. 96432
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P. A.
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
Primary: SPatmore@stearnsweaver.com

and

DYKEMA GOSSETT LLP
Eric Fingerhut (*pro hac vice* pending)
Ryan D. Borelo (*pro hac vice* pending)
1301 K Street N.W., Suite 1100 West
Washington, D.C. 20005
(202) 906-8600
efingerhut@dykema.com
rborelo@dykema.com

Attorneys for Plaintiff
TNG WORLDWIDE, INC.